The petitioner states he had put in a substitute, and being advised he is not liable to conscription, applies for a writ of habeas corpus. I had considered the provisions of the act suspending the writ of habeas corpus, and issued many writs before the decision of brother Battle in Long's case. After reading his opinion, I still think it the duty of a judge to issue writs, and it is proper to give my reasons.
The first section of the act specifies the cases in which the writ is to be suspended; the third section provides the mode in which the suspension is to be effected. The question depends on its construction. "No military or other officer shall be compelled, in answer to any writ of habeascorpus, to appear in person, or to return the body of any person detained by him by the authority of the President and Secretary of War; but, upon the certificate under oath of the officer having charge of any one so detained, that such person is detained by him as a prisoner for any of the causes hereinbefore specified, under the authority aforesaid, further proceedings under the writ of habeas corpus shall immediately cease and remain suspended so long as this act shall continue in force." (369) This section was evidently intended to apply to all cases arising under the act, and provides the mode for carrying it into effect. It was known to Congress that by the law of the State, judges are required under a penalty of $2,500 to issue the writs, and the object of this section is, while not interfering with that imperative duty, at the same time to give effect to the act, by suspending further proceedings on a certain state of facts. The writs are to issue as before, and furtherproceedings to cease on the certificate of the officer. No officer shall becompelled in answer to any writ of habeas corpus to appear in person, or to return the body. This assumes that writs will issue, but the officer shall not be compelled, by a rule, to make return according to the exigencies of the writ, but, in lieu thereof, is to file a certificate, under oath, and thereupon further proceedings shall cease. This takes it for granted that the proceeding is to go on until it arrives at that stage. *Page 235 
The certificate is to be made under oath, as a protection to the citizen. There is no provision that in any of the cases specified it shall not be lawful to issue a writ. I am not aware of any principle of law by which a judge is at liberty to adopt a construction enlarging one section or restricting another, so as to deprive the citizen of a safeguard provided by an act which is to override all individual rights coming in conflict with it; although the judge may suppose this safeguard will, in the end, be of no avail, that question does not arise at the outset. Is this a remedial
act to be construed liberally? My impression is it is an act in derogation of common right, and is to be construed strictly; at all events, the man, in my opinion, is entitled to the writ, and to proceed as he may be advised.
According to my views of the subject, the question of construction is not now presented, and I will not now enter into it. My brother Battle
construes the words in the cause of the first section, "marked with a number 5," and "all attempts to avoid military service," so as to include the case of a person who, not being liable to conscription, (370) applies for a writ "for the sole purpose of establishing his claim to exemption," and arrives at the conclusion that as the application in such a case is one of the causes mentioned in the act, upon the man's own showing he is not entitled to the writ. Our statute required the writ to issue on "probable cause." The act of Congress does not expressly prohibit it, so if the facts alleged raise a question of law, unless it has been settled, and admits of no question, and is frivolous, the writ must issue. The party asks that "the matter may be inquired of," and, as it seems to me, the judge should grant the writ, unless he can say, "It is too plain to talk about." The proposition, that the mere application for a writ is one of the causes mentioned in the act, is startling! It might be said this extreme construction is not a necessary one, and the proper constructions is to include only those persons who, whether liable or not liable, attempt to avoid military service by keeping out of the way, taking to the woods, instead of coming up and appealing to the courts to decide upon their rights, giving to the words "avoid" the sense it has in the English statutes of bankruptcy, where a debtor attempts to avoid his creditors by keeping out of the way, secreting himself, etc.; that if the mere application for a writ is an attempt to avoid military service in the meaning of the act, the certificate of the officer under oath is superfluous, for that fact is patent; whereas, if keeping out of the way is meant, the oath would have significance, and show the true cause of detention, and there is an incongruity in making the application a cause of detention, as it is a consequence and not the cause; that several well settled rules of law favor this construction — "where some particulars are enumerated, general words must be confined to acts *Page 236 ejusdem generis." Here is a deserter harboring deserters — encouraging desertion. Keeping out of the way is an act somewhat of (371) the same sort, but it is a strange association to class with crimes and misdemeanors the mere act of applying for a writ. Congress will not be presumed to intend an extreme exercise of power, or to exercise a doubtful power, unless the intention is expressed in plain and direct words. There is no precedent in this country or in England where the privilege of the writ has ever been suspended in civil cases. All the precedents are in cases of political offenses, treason, sedition, and the like.
I will not pursue the subject further, my purpose being merely to show that matter worthy of consideration may be urged against the construction of his Honor; so in my opinion I am not warranted in adopting the summary mode of refusing the writ, and am bound to pursue the mode provided by section 3.
There is another view. The certificate, besides the cause, must set out that the man is detained as a prisoner under the authority of the President or Secretary of War. How can a judge know this fact judicially unless it is certified? The petitions presented to me state that a substitute had been put in, and the party, being advised he is not liable to conscription, prays for the writ, that the matter may be inquired of. I cannot know, as a judge, that an order, either special or general, had been issued to detain the man as a prisoner for applying for the writ until the certificate of that fact is filed.
It may be the writ will be of no benefit to the petitioner. Whether the officer has it in his power, by the generality of the certificate, to exclude from the judiciary the question of construction, and whether it was the intention of Congress to enable him to do so, are questions not presented at this stage of the proceedings, and which can only arise on the filing of the certificate. I cannot refuse the writ.
Cited: In re Spivey, post, 541. *Page 237